UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STANLEY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:07CV722 FRB |
| STATE OF MISSOURI, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Stanley Williams for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $1.44, and an average monthly account balance of $00.24. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.05, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis Justice Center, brings this 42 U.S.C. § 1983 action against defendants State of Missouri, Judge Angela Quigless, Bryan Grzina, and K. Jasman Lutz. Liberally

construing the complaint, it appears that plaintiff was incarcerated on or about March 4, 2006, for having violated his probation. He claims that he is being "held on mistake," due to a clerical error. Plaintiff seeks monetary damages, and he asks this Court to "terminate probation" and to give him "time served."

Having carefully reviewed the complaint, the Court concludes that plaintiff's claim for monetary damages stemming from his parole revocation is *Heck*-barred, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(claim for damages that necessarily implies invalidity of conviction or sentence is not cognizable under § 1983 until judgment or sentence has been invalidated); and any challenge to his probation or time-served credit must be asserted in a habeas action, *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)(state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of state's custody); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973)(challenge to fact or duration of confinement must be through habeas corpus); *Offet v. Solem*, 823 F.2d 1256, 1257 (8th Cir. 1987)(§ 2254, which requires exhaustion of state remedies, appropriate vehicle for state prisoners challenging length of confinement and seeking restoration of good time credits). As such, the complaint will be dismissed, without prejudice,[1] as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

---

[1] The dismissal is without prejudice so that plaintiff can refile his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $.05 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of April, 2007.

　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE